560 So.2d 964 (1990)
Arthur and Therese ALBERTI
v.
WELCO MANUFACTURING OF TEXAS, et al.
No. 89-CA-1820.
Court of Appeal of Louisiana, Fourth Circuit.
April 26, 1990.
Paul A. Tabary, III, Chalmette, for plaintiffs-appellees.
Michael R. Zsembik, New Orleans, for defendants-appellants.
Before GARRISON, BYRNES, ARMSTRONG, JJ.
GARRISON, Judge.
This case concerns residential wall discoloration caused by defective sheet rock mud manufactured by WELCO Manufacturing Company of Texas, Inc. (WELCO).
Arthur and Therese Alberti began construction of their home in St. Bernard Parish in January of 1985. In April, sheetrock and sheetrock mud, manufactured by WELCO, was placed in their home. In late December of 1986, Therese Alberti noticed discoloration of the walls in her kitchen. Subsequently, the Albertis brought suit against WELCO, Kenny Fisher d/b/a Fisher & Son Contractors, the contractors who *965 built their home, and S & S Sheetrock Refinishers, the group that applied the sheetrock mud. They later amended their petition to include Travelers Insurance Company (Travelers), whose policy insured WELCO until December 3, 1986, as a defendant. WELCO filed bankruptcy under Chapter 7 and accordingly had all suits against it stayed. The trial court ruled against Travelers and in favor of the Albertis, dismissing all other defendants and their cross and counter claims without prejudice. Travelers has appealed.
Travelers contends that the trial court erred in finding that the Travelers insurance policy afforded coverage to the Albertis after the policy lapsed.
The policy in question was in effect until December 3, 1986. The policy provided coverage for damage resulting from an "occurrence" as follows:
"occurrence" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured...
"property damage" means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use there of at anytime resulting therefrom ...
Travelers asserts that there was no "occurrence" during the life of the policy. The trial judge, in his oral reasons for judgment contained in the trial transcript, states that the "occurrence" was the application of the sheetrock mud, as this was when the "chemical reaction" causing the shading of the plaintiff's wall covering occurred. We disagree with the trial court's decision for two reasons.
First, the record contains no evidence at all as to a "chemical reaction". Obviously, as there is no indication that one occurred, one cannot say when it began. Even assuming that the trial judge inferred, despite a paucity of evidence, that a chemical reaction occurred based on the damage suffered by the plaintiffs, there is nothing in the record to support the conclusion that this event began immediately upon the placement of the sheetrock mud.
Even assuming that the judge was not in error in this fact finding, we believe that the policy definition of "damage" would only encompass the wall stains. There was no other damage to the plaintiffs. This being the case, common sense dictates that the "occurrence" defined in the policy in question is the event which caused the property damage itself. In other words, even if a chemical reaction occurred immediately after the placement of the sheetrock mud, it is only when this reaction affected the walls that damage envisioned in the policy occurred. There is no evidence that the wall discoloration occurred before late December, after the policy had lapsed. See Prudential Property Cas. Ins. Co. v. Stuckey, 486 So.2d 352 (La.App. 3rd Cir.1986).
Prudential, supra, involved a house which was constructed and sold in 1978. Prudential issued a policy of property insurance to the owner of the house. INA was the liability insuror for the contractor that built the house. The INA policy lapsed in 1980.
The house was damaged by a fire in 1982. It was determined that the fire was caused by an original defect in the construction of the fireplace. Under the terms of the Prudential policy, Prudential paid the homeowner $33,500 in damages. Prudential then filed a subrogation action against INA. INA contended that coverage did not attach because the property damage occurred outside of the policy period. (Both the INA policy and the Travelers policies at issue contain identical definitions of "occurrence", "property damage", and "completed operations hazard"). Prudential argued that INA coverage should attach since the construction of the defective fireplace occurred during the policy term. The appellate court rejected Prudential's argument reasoning that the damage did not occur until after the expiration of the policy.
We believe the record supports only one conclusion and that is that the plaintiffs suffered property damage in late December *966 of 1986. The policy in question expired on December 3, 1986. Thus, the plaintiffs were not covered by this policy. Therefore, we reverse the trial court's ruling.
REVERSED.