612 So.2d 743 (1992)
Geraldine Petit, wife of/and William P. JACKSON, Jr., et al.
v.
WELCO MANUFACTURING OF TEXAS, et al.
Helma Ness, wife of/and Joseph C. PIERCE, Jr.
v.
WELCO MANUFACTURING OF TEXAS, et al.
Susan Tedesco ROSS
v.
WELCO MANUFACTURING OF TEXAS, et al.
Lisa Miller, wife of/and George L. BOIHEM
v.
WELCO MANUFACTURING OF TEXAS, et al.
Nos. 91-CA-0152 to 91-CA-0155.
Court of Appeal of Louisiana, Fourth Circuit.
March 17, 1992.
On Rehearing January 8, 1993.
Sidney D. Torres, III, Becky Raymond Cieutat, Law Offices of Sidney D. Torres, III, Chalmette, for appellants.
James S. Rees, III, Albert D. Giraud, Simon and Rees, New Orleans, for U.S. Fidelity and Guar. Co.
Michael R. Zsembik, Law Offices of James J. Morse, New Orleans, for appellees, Welco Mfg. of Texas and Travelers Ins. Co.
Before WARD and ARMSTRONG, JJ., and JAMES C. GULOTTA, J. Pro Tem.
ARMSTRONG, Judge.
Geraldine Petit wife of/and William P. Jackson, Jr., Helma Ness wife of/and Joseph C. Pierce, Jr., Susan Tedesco Ross, *744 Lisa Miller, wife of/and George L. Boihem brought suit against Welco Manufacturing of Texas and Travelers Insurance Company, its insurer, for redhibition, reduction in price, and damages for breach of contract. Travelers moved for and was granted summary judgment. We affirm.
Plaintiffs allege that defective sheetrock texture mud used in the construction of their homes caused a latent discoloration, or "graying", to the walls of their homes where it had been applied. The name of the product was "Welco Ready Mix Joint Compound". The petitions allege that plaintiffs first noticed a discoloration between September of 1987 and October of 1988. The Traveler's insurance coverage of Welco Manufacturing was from December 3, 1985 to December 3, 1986. Welco filed for protection under Chapter 7 with the Bankruptcy Court on October 5, 1984, staying all proceedings against it. Travelers filed a Motion for Summary Judgment, basing its argument on Alberti v. Welco Mfg. of Texas, 560 So.2d 964 (La.App. 4th Cir.1990). The facts in Alberti are similar to the facts in the instant case. The Alberti court concluded that because plaintiffs suffered damage subsequent to the expiration date of the policy, there was no coverage by the insurer in that case.
The policy provides in pertinent part as follows:
The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of ...
... (property damage) to which this insurance applies, caused by an occurrence...
... "occurrence" means accident, including continuous or repeated exposure to conditions, which results in ... property damage neither expected nor intended from the standpoint of the insured ...
... "property damage" means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at anytime resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period.
This language is identical to that in Alberti.
The Alberti court reasoned that because the "damages" were aesthetic in nature (wall stains) the "occurrence" would be that immediate event which caused the visually discernible damage. The case of Prudential Property Cas. Ins. Co. v. Stuckey, 486 So.2d 352 (La.App. 3rd Cir. 1986), was cited in support of this decision.
Prudential, was a case where a house was built and sold in 1978, Prudential insured the home owner and INA was the liability insurer for the contractor who built the home. The INA policy was similar to that issued by Travelers. The INA policy lapsed in 1980. In 1982 the house was damaged by a fire. It was determined that the fire was caused by a faulty fireplace constructed during the existence of the pending policy period. The issue in that case was whether or not the policy provided coverage for property damage due to acts which occurred during the policy period, but which manifest themselves after the policy has lapsed. Prudential. The court held that it did not.
Plaintiff's disagree with this result, asserting three assignments of error.
Plaintiffs' claim the trial court's granting of summary judgment based on Alberti was error because "circumstantial evidence indicated that the damages sustained by plaintiffs commenced during the policy period and gradually progressed until they became manifest." Alberti held that the damage did not occur during the policy period because the discoloration was visually discernible subsequent to the expiration of the policy. Admittedly plaintiffs assert that the discoloration was noticed between September of 1987 and November of 1988 subsequent to the policy coverage.
Plaintiffs further argue the trial court erroneously ignored the second definition of property damage on the policy which is "loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is provided by an *745 occurrence during the policy period." [Emphasis added]. Plaintiffs claim that there was loss of use of the paper and paint placed over the Welco product. We disagree. This provision of the policy is inapplicable because the loss of use contemplated requires that the items have not been physically injured. Here plaintiffs themselves state that the paint and paper have been damaged beyond repair.
Finally, plaintiffs argue the court's decision in Alberti should be reversed as it erroneously converts an "occurrence" policy to a "discovery" or "claims made" policy contrary to the intent of the contracting parties. This assertion is not correct. As stated above, Alberti held that, because the damages sustained were aesthetic in nature, the damage contemplated in the policy occurred when there was visible darkening of the walls. This construction was not erroneous.
Accordingly, we affirm the action of the trial court, granting summary judgment in favor of the defendant, Traveler's Insurance Company, and against the plaintiffs and defendant United States Fidelity and Guaranty company.
AFFIRMED.
WARD, J., concurs.
GULOTTA, J., dissents with written reasons.
WARD, Judge, concurs.
I concur. The "occurrence" insured against either occurred at the time the sheetrock was installed or when some other event provoked the discoloration. It is not when the damage is observed. In either case summary judgment was appropriate.
GULOTTA, Judge, dissents with written reasons.
I respectfully dissent.
Although the discoloration manifested itself subsequent to the expiration of the insurance policy, nonetheless, the defect in Welco's product existed prior to the expiration date of the policy. I agree with the majority that the facts in the instant case are similar to the facts in Alberti v. Welco Manufacturing of Texas, 560 So.2d 964 (La.App. 4th Cir. 1990) decided by this Court. My problem is that I disagree with this Court's holding in the Alberti case.
Accordingly, I respectively dissent from the judgment affirming the granting of summary judgment in favor of defendant.

ON REHEARING GRANTED
ARMSTRONG, Judge.
On rehearing, this matter was submitted to the court en banc to ascertain whether the court would overrule Alberti v. Welco Manufacturing of Texas, 560 So.2d 964 (La.App. 4th Cir.1990). The court en banc has voted not to overrule this case. Accordingly, we reaffirm our original judgment in this matter dated March 17, 1992.
GULOTTA, J., dissents.
WARD, Judge, concurring.
I concur only because of the vote of the Court en banc. The Court I believe errs, because the issue here is the interpretation of an insurance contract to determine if there is coverage. To sharpen the issue, there are two types of insurance policies in this field: a claims made policy, and an occurrence policy. No one contends this is a claims made policy. It is an occurrence policy and the only issue is whether an "occurrence" triggered the policy coverage during the effective date of the Travelers liability insurance policy. It most certainly did, under all outstanding case law.
The court is led astray by confusing an "occurrence" that triggers coverage with the idea of "an accident" that begins prescription or a sudden "incident" which defines worker's compensation benefits.
In this case, there is no doubt that an "occurrence" within the meaning of the policy took place when the product was manufactured, a time when the policy was in force, and that Travelers' policy insured against this type of liability. Other issues may remain but this Court errs to render judgment on its holding that there was no *746 "occurrence" within the meaning of and during the term of the policy.